### THE STATE, DENNIS DOWD, PROSECUTOR, v. DAVID M. JONES.

Where a *certiorari* to review a judgment of the Court of Common Pleas, on an appeal from the District Court, has been dismissed for want of prosecution, a second writ should not be allowed to the prosecutor; his remedy is to move to set aside the order of dismissal, and this will be done only where it is made to appear that the order was irregularly or improvidently made.

On motion to quash *certiorari.*

Argued at June Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the motion, *William M. Dougherty.*

*Contra, George J. McEwan.*

The opinion of the court was delivered by

GUMMERE, J.   David M. Jones, the defendant here, re-
covered a judgment in the District Court in an action brought
by him against Dowd, the prosecutor, and that judgment was
afterwards affirmed by the Court of Common Pleas of Hudson
county, on appeal.   The prosecutor thereupon obtained a *cer-
tiorari*, removing into this court for review the judgment of
the Court of Common Pleas.   The writ was duly returned
into this court, and subsequently, at the February Term,.
1896, was dismissed for want of prosecution.   After his writ
was dismissed, and at the same term, the prosecutor applied
to set aside the order of dismissal as having been improperly
made.   This application was denied and the record which has
been brought up by the writ was remitted to the Court of
Common Pleas.   The prosecutor then made application to one
of the justices of this court, at chambers, for a second writ,
which was allowed, and we are now asked by the defendant
to quash this second writ on the ground that it was im-
providently allowed.

In cases where the province of the writ of *certiorari* is to
bring into this court for review the judgment of the Court of
Common Pleas, on an appeal from the District Court, it is in
its effect a writ of error, and is used in the place of that writ
only because the statute (*Gen. Stat., p.* 1247, § 174) so directs.
*Hinchman* v. *Cook, Spenc.* 271 ; *Mowery* v. *Camden,* 20·
*Vroom* 106, 109 ; *Potter* v. *Fritz,* 25 *Id.* 436.   The same
practice, therefore, should prevail in the allowance of a second
*certiorari*, where it is used as a statutory substitute for a writ
of error, as prevails in the suing out of a second writ of error.

The question of the right of a litigant to sue out a second
writ of error after he had suffered his original writ to be dis-
missed for want of prosecution, was considered and deter-
mined by the Court of Errors in *Welsh* v. *Brown,* 13 *Vroom*
323, and it was there held that the plaintiff in error, under

such circumstances, would not be permitted to sue out a second writ; but that, if his first writ was irregularly or improvidently dismissed his remedy was by motion to set aside the order of dismissal. In view of this decision of our highest court it is quite clear that the prosecutor in this case was not entitled to a second *certiorari*, after his first writ was dismissed for want of prosecution. His remedy, if he considered himself injured by the order dismissing his original writ, was to apply to vacate that order, and this remedy he availed himself of.

The motion to quash is allowed, with costs.